# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

WILBUR L. HOFFMAN-GARCIA,
ZORAIDA I.  RODRIGUEZ-DIAZ,
AND THE CONJUGAL PARTNERSHIP
CONSTITUTED BY THEM

 Plaintiffs

CIVIL NO.:  14-1162

METROHEALTH, INC., D/B/A HOSPITAL METROPOLITANO,
KAREN ARTAU-FELICIANO
FACILITIES SERVICES MANAGEMENT & MAINTENANCE, INC.
IAN RODRIGUEZ ALVARADO
XYZ INSURANCE COMPANY

Defendants
_____/

## COMPLAINT

Plaintiffs, Wilbur L. Hoffman-García, Zoraida I. Rodríguez-Díaz, and the Conjugal Partnership constituted by them, respectfully, state, allege, and pray as follow:

### JURISDICTION AND VENUE

1. Jurisdiction of this action pursuant to the Age Discrimination in Employment Act [ 29 USC §§ 621-634 ] for damages based on the unlawful employment practice committed by defendant is invoked pursuant to 28 USC §§ 1331 and 1337, and 29 USC §§ 216(b), 626 (b) and (c). Plaintiffs further invoke the Pendent Jurisdiction of this Court to hear and decide claims arising under the Commonwealth of Puerto Rico, to wit: 29 L.P.R.A., section 146 et seq., and Art. 1802 et seq. of the Puerto Rico Civil Code and its interpretive jurisprudence, and all relevant and applicable, commonwealth, statutory law.

2. Venue is appropriate in this jurisdiction, as the personal defendants reside herein; likewise, corporate defendants' headquarters are here, and this matter is being filed in the judicial district where the claim or where a substantial part of the events giving rise to the claim occurred pursuant to 28 U.S.C. §1391 (c) (2).

## JURISDICTIONAL PREREQUISITES

3. A right-to-sue letter was received in this matter from the EEOC on December 9th, 2013 **Exhibit (1)**

4. This matter is being filed within 90 days of receipt by plaintiff or his attorney of **Exhibit (1)**

5. To the extent the any allegations may not have occurred within 300 days of the date the charge was filed, the violations of the Act alleged were and are continuous and ongoing, and at least one continuous and ongoing act of age discrimination occurred within the 300-day charge filing period prior to the date the charge was filed with the EEOC.

6. At all times relevant, defendants were and is an employer involved in an industry affecting commerce which has 20 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, pursuant to 29 U.S.C. §623(e).

7. At all times relevant, plaintiff, Wilbur L. Hoffman-Garcia, was and is an aggrieved individual in accordance with 29 U.S.C. §626(d) of the Act.

8. Plaintiffs seek trial by jury on all counts alleged in this complaint.

## STATEMENT OF FACTS

9. Plaintiff, Wilbur L. Hoffman-García (**hereinafter Hoffman**) is, and at all times relevant to the actions complained of herein has been, a resident of the city of San Juan, and presently resides at Caparra Terrace, 21 St. # 760, San Juan, Puerto Rico 00921.

10. Co-plaintiff, Zoraida I. Rodriguez-Díaz (**hereinafter Rodriguez**), is and at all times

**Complaint**

relevant to the actions complained of herein has been, a resident of the city of San Juan, and presently resides at Caparra Terrace, 21 St. # 760, San Juan, Puerto Rico 00921.

11.  Plaintiffs Hoffman and Rodríguez constitute the Conjugal Partnership pursuant to law.

12.  Defendant, METROHEALTH, INC., d/b/a Hospital Metropolitano (**hereinafter Hospital**) is a corporation incorporated under the laws of the Commonwealth of Puerto Rico, with its principal place of business in San Juan, Puerto Rico.

13.  Defendant, FACILITIES SERVICES MANAGEMENT & MAINTENANCE, INC. (**hereinafter FSMM**) is a corporation incorporated under the laws of the Commonwealth of Puerto Rico, with its principal place of business in San Juan, Puerto Rico.

14. Defendant, Karen Artau-Feliciano (**hereinafter Artau**), is and at all times relevant to the actions complained of herein has been, a resident of the city of San Juan, and is and was the President and/or General Manager of Metrohealth, d/b/a Hospital Metropolitano.

15. Defendant Ian Rodríguez-Alvarado, (**hereinafter Alvarado)** is and at all times relevant to the actions complained of herein has been, a resident of the city of San Juan, P.R., and is and was the President of FSMM.  Defendant Rodríguez-Alvarado also is and officer-employee, and/or consultant of defendant Hospital.

16. Defendant, XYZ Insurance corporation, is an unknown insurance company, who at this time its official name is unknown, and who at all relevant times of the alleged facts stated herein has been an Insurance Company duly organized pursuant to the laws of the States of the United States, and/or the Commonwealth of Puerto Rico, and as such is joint and severally responsible for defendants' discriminatory, or otherwise, employment practices, and for all acts, damages, and injuries suffered by plaintiffs.

17. Plaintiff, Hoffman, has a Bachelor's degree in Industrial Engineering from North Eastern University, Boston Mass. (1975).

18. Plaintiff, Hoffman started working with Defendant, Hospital, on July 17th, 1995, as the Hospital's Facilities Maintenance Department Director (**hereinafter Maintenance Department**). Additionally, he was in charge and supervised the Enviromental Security & Control divisions, and internal and external Housekeeping division.

19. Hoffman's duties with defendant, Hospital, consisted in directing and providing maintenance supervision of employees at the emergency, operating, lab and X-ray rooms, and all hospital areas; also, maintenance of hospital equipment and generators. He also directed and supervised the securities division, such as fire alarm procedures, emergency fire drills, emergency evacuations, employee security, and employee security training. Further, he directed and supervised internal and external housekeeping for the hospital.

20. At the time Hoffman was hired by defendant, HOSPITAL, he was 45 years of age.

21. At the time defendant, HOSPITAL, terminated Hoffman's employment, he was 62 years of age.

22. From July 17th, 1995 until September 30th, 2012 when Plaintiff, Hoffman was terminated, plaintiff always met defendant's legitimate expectations in the performance of his job.

23. On September 30th, 2012, Defendants informed Hoffman, through their Executive Director, José Samuel Rosado, that due to an alleged reorganization and restructuring of services, Defendants made the decision to close the Maintenance Department. That effective October 1st, 2012, plaintiff, Hoffman, would cease working for defendant, Hospital.

24. Defendant Hospital, together with defendants FSMM, Alvarado and Artau made the decision to close the Maintenance Department.

25. Plaintiff, Hoffman and his staff had been working with Hospital from a period of 12 to 40 years.

26. Defendants alleged that the termination of plaintiff's employment and closure of the Maintenance Department was not due to economic reasons, or labor costs.

27. Defendants alleged that the termination of plaintiff's employment and closure of the Maintenance Department was on account of inspections carried out by external entities, singling out serious matters in the area of the Maintenance Department.

28. Because of the above closure of the Maintenance Department, defendants subcontracted defendant, FSMM, to handle the duties and functions of the now defunct Maintenance Department, who would not only provide specialized personnel but would, also, have the duty and obligation to provide corrective measures of the alleged deficiencies.

29. The president of the subcontracted entity (FSMM) is co-defendant, Ian Rodriguez-Alvarado. As stated previously (¶ 15), defendant Rodríguez-Alvarado is and officer-employee, and/or consultant of defendant Hospital.

30. Defendants and Co-defendant, FSMM, replaced plaintiff, Hoffman's duties and job responsibilities with co-defendant, Rodríguez-Alvarado.

31. On information and belief, co-defendant Rodríguez-Alvarado is younger than plaintiff, Hoffman, who is believed to be in his 30s.

32. After the closure of the Maintenance Department, defendants replaced plaintiff, Hoffman, initially, with Engr. Pagan; later, with Engineers Felix Pérez-Chinea, Daniel Martínez-Rodríguez, and David Lugo-Rivera, all younger than plaintiff, Hoffman, and believed to be in their 30s. Further, Defendants transferred Giovanni Martínez-Ocaña, a former supervisor and subordinate of Plaintiff, to co-defendant's FSMM maintenance operation, in order to provide services formerly provided by Plaintiff.

33. On information and belief, Giovanni Martínez, is younger than plaintiff, Hoffman, who is believed to be in his 30s.

34. With the approval of all defendants, co-defendant FSMM hired approximately ten (10) individuals to provide services of maintenance at defendant's Hospital, all ranging from 18 to 37 years of age, and all younger than plaintiff, Hoffman.

35. As of October 1st, 2012, until the present, plaintiff, Hoffman has been unemployed.

36. Due to defendants' intentional discriminatory acts, plaintiff, Hoffman, has suffered and continues to suffer physical pain and suffering and mental distress.

37. Due to defendants' intentional discriminatory acts against her husband, co-plaintiff, Rodríguez, has suffered and continues to suffer physical pain and suffering and mental distress.

38. Due to defendants' intentional discriminatory acts against Hoffman, co-plaintiff, the Conjugal Partnership, constituted by Hoffman and Rodriguez, has suffered and continues to suffer economic losses.

39. Because of defendants' intentional discriminatory acts against Hoffman, plaintiffs, Hoffman and Rodríguez, have suffered and continue to suffer mental anguish and emotional distress.

40. Because of defendants' intentional discriminatory acts against Hoffman, plaintiffs, Hoffman and Rodríguez, have been forced to receive psychological treatment, in order to ameliorate their pain and suffering, mental anguish and emotional distress.

## FIRST CAUSE OF ACTION

**Discrimination Based on Age:**

41. Plaintiffs adopt and re-allege all of the allegations contained in paragraphs 1-40, and reiterate the same as if fully set forth herein.

42. Plaintiffs' age was the but-for cause of his termination.

43. As a direct and proximate result of plaintiff Hoffman's termination, based on his age, plaintiff has been caused to lose his job, suffer lost wages and fringe benefits, and pay the costs of bringing this lawsuit, including all costs, expert witness fees and attorney's fees.

44. Defendants engaged in the acts of age discrimination alleged above, knowing that its conduct was prohibited by the ADEA, or alternatively, it showed a reckless disregard for whether the Act applied.

45. Therefore its acts of age discrimination as alleged were willful as defined by the Act.

## SECOND CAUSE OF ACTION

**29 L.P.R.A. , section 146 et seq., 29 L.P.R.A. section 185, et seq.**

46. Plaintiffs, repeat and re-allege each and every allegation contained in paragraphs 1 through 45.

47. Defendants, termination of plaintiff, Hoffman, adversely affected plaintiff's terms and conditions of employment with defendants.  Defendants' actions against plaintiffs violates the Age Discrimination statute of the Commonwealth of Puerto Rico, to wit: **29 L.P.R.A., section 146 et seq.**. and **29 L.P.R.A. Section 185, et seq.**

48. Defendant's willful violation of 29 L.P.R.A., section 146 et seq., and 29 L.P.R.A. section 185, et seq., has proximately caused plaintiff to suffer damages.

## THIRD CAUSE OF ACTION

49. Plaintiffs, repeat and re-allege each and every allegation contained in paragraphs 1 through 48.

50. Plaintiffs allege that the injuries sustained are actionable under the general tort law of Puerto Rico, Civil Code, Article 1802.

51. Plaintiff, Wilbur Hoffman-García, because of Defendants' intentional discrimination

has suffered and continues to suffer physical pain and suffering mental anguish, and emotional distress.

52. Co-plaintiff, Zoraida I. Rodriguez-Díaz, because of Defendants' intentional discrimination against her husband has suffered and continues to suffer physical pain and suffering, mental anguish, and emotional distress.

53. Plaintiffs, due to their pain and suffering, mental anguish, and emotional distress have incurred, and may incur, in the future, medical expenses.

54. Due to defendant's intentional discrimination against plaintiff, Wilbur Hoffman-García, the Conjugal Partnership, constituted by plaintiffs Wilbur Hoffman-García and Zoraida I. Rodríguez-Díaz, has been affected adversely and may be affected in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests that this Court enter a judgment:

a) Directing defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated.

b) Declaring that the acts and practices complained of herein are in violation of the Age Discrimination in Employment Act 29 U.S.C. § 621, et seq.

c) Declaring that the acts and practices complained of herein are in violation of the Labor and Civil laws of Puerto Rico.

d) Directing defendants to pay Plaintiffs, compensatory and punitive damages in the following manner:

1. Compensatory damages to Plaintiff, Wilbur Hoffman-García, in the amount of $4,000,000.00.

2. Compensatory damages to co-plaintiff, Zoraida I. Rodríguez-Díaz in the amount of $1,000,000.00.

**Complaint**

3. Compensatory damages for Plaintiff, The Conjugal Partnership, constituted by Hoffman and Rodríguez, in the amount of $$500,000.00.

4. Punitive damages pursuant to law.

5. Double damages pursuant to State Law.

6. All back pay, and pre-judgment interest, in the form of lost wages and fringe benefits, from the time of termination through the date of trial less any legally appropriate set-offs, pursuant to 29 U.S.C. §626(b).

7. Front pay.

8. An order of this court awarding plaintiff reasonable attorney's fees pursuant to 29 U.S.C. §216(b) as incorporated into the ADEA by 29 U.S.C. §626(b) and pursuant to 42 U.S.C. §1988.

9. An order awarding plaintiffs all costs incurred in this case pursuant to Fed. R. Civ. P. 54(d), and 28 U.S.C. §§1920 and 1924.

10. An order awarding plaintiffs all expert witness fees and costs.

11. An order awarding plaintiff whatever further and other relief this court deems appropriate and just.

12. Plaintiffs reserve the right to amend the allegations of the complaint pursuant to law.

**TRIAL BY JURY IS REQUESTED**

Respectfully, submitted, in San Juan, Puerto Rico, this March 1st, 2014.

**S/** Erick Morales-Pérez, Esq.
USDC-PR 203211

LAW OFFICE OF ERICK MORALES-PEREZ
P.O. BOX 10409
SAN JUAN, PUERTO RICO 00922-0409
TEL. (787) 605-8000
EMAIL: ekmorpr@yahoo.com