# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **WILBUR L. HOFFMAN GARCÍA, <u>ET AL.</u>,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**METROHEALTH, INC., <u>ET AL.</u>,**<br><br>**Defendants.** | **CIVIL NO.: 14-1162 (PAD)** |

## OPINION AND ORDER

Delgado-Hernández, District Judge.

Wilbur L. Hoffman, his wife, and their conjugal partnership, initiated this action against Hoffman's former employer, Metrohealth, Inc. d/b/a Hospital Metropolitano, essentially alleging that Metrohealth terminated Hoffman's employment because of his age; and subsequently amended the complaint to include a direct action against Metrohealth's insurer, AIG Insurance Company - Puerto Rico (Docket No. 29).[1] Before the court is AIG's "Motion for Summary Judgment" (Docket Nos. 178 and 179), which Hoffman opposed (Docket No. 182). AIG replied (Docket Nos. 185 and 186). Metrohealth did not oppose AIG's request for summary judgment. For the reasons explained below, the motion is GRANTED and the case against AIG DISMISSED.

## I.     BACKGROUND

Hoffman filed an administrative claim against Metrohealth with the Equal Employment Opportunity Commission ("EEOC"). At the time, Metrohealth was insured by AIG. AIG alleges

---

[1] Plaintiffs incorrectly identified Metrohealth's insurer as American International Group (AIG). However, as established in AIG's Statement of Uncontested Material Facts in Support of Motion Requesting Summary Judgment, AIG Insurance Company - Puerto Rico is the insurance company which issued the applicable policy to Metrohealth (Docket No. 179, Exh. 3 at ¶¶ 3, 7 and Exh. 4). The court will refer to the insurer as "AIG."

that Metrohealth failed to timely notify the claim under the Policy's Notice/Claim Reporting Clause and that as a result, the case against it should be dismissed.

## II.     STANDARD OF REVIEW

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is need for trial. Mesnick v. General Electric Co., 950 F.2d 816, 822 (1st Cir. 1991).  It permits evaluation of insurance coverage allegations, and dismissal when coverage does not exist. López & Medina Corp. v. Marsh USA, Inc., 667 F.3d 58, 63 (1st Cir. 2012). Careful record review reflects absence of genuine dispute as to the following material facts pertaining to insurance coverage.

## III.     FINDINGS OF FACTS

### A. Policy

1. AIG issued a "Directors, Officers, and Private Company Liability Insurance Policy Including Employment Practices and Securities Liability", Policy No. 024-001002112-01, to Metrohealth for the policy period of April 26, 2014 to April 26, 2015. See, Docket No. 179, AIG's "Statement of Uncontested Material Facts in Support of Motion Requesting Summary Judgment" ("SUMF") at ¶ 9.[2]  The Policy is a claims-made policy and only covers claims that are first made against the insured and reported to the insurer during the policy period. Id.  SUMF at ¶ 10.  The Notice/Claim Reporting Provisions of the Policy provide that:

---

[2] AIG, formerly known as Chartis Insurance Company - Puerto Rico, had also issued a "Directors, Officers, and Private Company Liability Insurance Policy Including Employment Practices and Securities Liability", Policy No. 024-001001754-01 to Metrohealth for the policy period of April 26, 2012 to April 26, 2013. See, Docket No. 179, Exh. 5.

>   Notice hereunder shall be given in writing to the Insurer named in Item 8 of the Declarations at the address indicated in Item 8 of the Declarations. If mailed, the date of mailing shall constitute the date that such notice was given and proof of mailing shall be sufficient proof of notice. A Claim shall be considered to have been first made against an Insured when written notice of such Claim is received by any Insured, by the Company on the behalf of any Insured, or by the Insurer, whichever comes first.
>
>   (a) The Company or the Insureds shall, as a condition precedent to the obligations of the Insurer under this policy, give written notice to the Insurer of any Claim made against an Insured as soon as practicable and either:
>
>   (1) anytime during the Policy Period or during the Discovery Period (if applicable). ;
>   (2) or within 90 days after the end of the Policy Period or the Discovery Period (if applicable), as long as such Claim is reported no later than 90 days after the date such Claim was first made against an Insured. SUMF at ¶ 14, Exh. 4 at p. 035.

The term "Policy Period" means the period of time from the inception date shown in Item 3 of the Declarations to the earlier of the expiration date in Item 3 of the Declarations or the effective date of cancellation of this policy. SUMF at ¶ 13, Exh. 4 at p. 07.

2. Pursuant to the Policy's Insuring Agreement, the Policy "shall pay on behalf of the Company any Loss arising from: (i) Claim first made against the Company, or (ii) Claim first made against an Individual Insured, during the Policy Period or the Discovery Period (if applicable) and reported to the Insurer pursuant to the terms of this policy for any actual or alleged Wrongful Act…". SUMF at ¶ 11. Under the Policy, the charge of discrimination and the complaint are considered "Claims." SUMF at ¶¶ 12, 16.

### B. Claims

3. On February 1, 2013, Hoffman filed a charge of discrimination with the EEOC alleging that in 2012 Metrohealth unjustly terminated his employment, discriminating against

him because of his age when the department he headed closed and he was laid off. SUMF at ¶¶ 1-3. On or around February 25, 2013, Metrohealth received the charge.

4. On March 1, 2014, Hoffman filed the complaint in the present case, with the same claim of age discrimination first made in the charge of discrimination filed with the EEOC on February 1, 2013. See, Docket No. 1; see also SUMF at ¶¶ 4-5. On June 19, 2014, Metrohealth was served with process. See, Docket No. 12; see also, SUMF at ¶ 4. On June 23, 2014, it gave notice of the age discrimination claim to AIG. SUMF at ¶ 6.

5. By letter dated December 11, 2014, AIG denied coverage for failure to comply with the Policy's Notice/Claim Reporting Clause. SUMF at ¶ 7. On December 30, 2014, Hoffman served AIG with process of copy of the amended complaint with a direct action against AIG as Metrohealth's insurer. SUMF at ¶ 8.

## IV.   DISCUSSION

The Puerto Rico Insurance Code governs insurance contracts in Puerto Rico. The contract's terms are set forth in the policy. Natal Cruz v. Negrón, 2013 T.S.P.R. 67, *5 (citing Maderas Tratadas v. Sun Alliance et. al., 185 D.P.R. 880 (2012)). They are accorded their ordinary meaning, as amplified, extended, or modified by any lawful rider, endorsement, or application attached to, and made part of the policy. P.R. Laws Ann. tit. 26 § 1125; Natal Cruz v. Negrón, 2013 T.S.P.R. 67, *5-6; Marina-Águila v. Den Caribbean, Inc., 490 F.Supp.2d 244, 248 (D.P.R. 2007); Metlife Capital Corp. v. Westchester Fire Ins. Co., 224 F.Supp.2d 374, 382 (D.P.R. 2002)).

When the terms are clear and unambiguous, they must be applied and enforced as written. Marina-Águila, 490 F.Supp.2d at 249; Natal Cruz, 2013 T.S.P.R. 67 at *5. Ambiguity does not exist simply because the parties disagree about the proper interpretation of a policy provision.

Rather, it may be found where the policy's language is susceptible to more than one rational interpretation. Clark School for Creative Learning, Inc. v. Philadelphia Indem. Ins. Co., 734 F.3d 51, 55 (1st Cir. 2013).

A claims-made policy is an insurance agreement to indemnify the insured against all claims made during a specified period, regardless of when the incidents that gave rise to the claims occurred. See, Marina-Águila, 490 F.Supp.2d at 249 (citing Mercado-Boneta v. Administración del Fondo de Compensación al Paciente, 125 F.3d 9, 11 n.1 (1st Cir. 1997)) (distinguishing claims-made policy from occurrence policy). In this case, as is generally true with claims-made policies, the relevant policy includes a notification and reporting of claim provision. See Marina-Águila, 490 F.Supp.2d at 250 (finding that timely notification of the claim was a condition precedent to coverage under the claims-made policy); 7 Couch on Insurance § 102:20 (3d ed.1995)(noting that coverage triggering event under claims-made policy is transmission by insured of notice of claim to insurer).

From this perspective, AIG contends that Metrohealth failed to timely notify the claim first made by Hoffman, pointing out that the Policy's Insuring Agreement and the Notice/Claim Reporting Clause clearly and unambiguously required Metrohealth to report claims first made against it to AIG during the effective policy period. It states that the notification of the complaint was untimely and did not trigger the Insuring Agreement of AIG's Policy No. 024-001002112-01 for the policy period of April 26, 2014 to April 26, 2015 because it was not the claim Hoffman first made to Metrohealth.

Hoffman counters that since Metrohealth reported the complaint to AIG during the policy period of April 26, 2014 to April 26, 2015, it should be afforded coverage under the policy. He asserts that insofar as the Notice/Claim Reporting provisions of the policy provides two choices

of notification either anytime during the policy period or within ninety (90) days after the end of the policy year, Metrohealth notified the claim during the policy period in compliance with its terms.

As a condition precedent to coverage, the clear and unambiguous language of the Policy's Insuring Agreement required Metrohealth to report to AIG claims first made against it during the effective policy period. See Docket No. 179, Exh. 4, at pp. 020. And it called on Metrohealth to provide AIG with written notice of any claim first made "as soon as practicable and either (1) …during the Policy Period…; or (2) within 90 days after the end of the Policy Period…as long as such Claim is reported no later than 90 days after the date such Claim was first made against an Insured." See, Docket No. 179, Exh. 4, at p. 035.

So read, the claim first made by Hoffman against Metrohealth was the charge of discrimination that Metrohealth received in February 2013. SUMF at ¶¶ 2, 16. Metrohealth did not, however, give notice to AIG of Hoffman's claim until June 23, 2014. As such, the claim reported by Metrohealth to AIG during policy period of April 26, 2014-April 26, 2015 of Policy No. 024-001002112-01 was not first made by Hoffman during such policy period. Similarly, it was reported by Metrohealth more than ninety (90) days after the claim was first made against it.[3]

V. **CONCLUSION**

---

[3] Policy No. 024-001001754-01 issued by AIG to Metrohealth for the policy period of April 26, 2012 to April 26, 2013 was not triggered by the insured, for the charge of discrimination was not reported to AIG while such policy was in effect. The terms of the Insuring Agreement and Notice/Claim Reporting Provisions are very similar to Policy No. 024-001002112-01. Both policies require that claims first made against the insured be reported to the insurer during the effective policy period. See Docket No. 179, Exh. 5 at pp. 25, 31-32.

In view of the foregoing, AIG's motion for summary judgment (Docket Nos. 178 and 179) is GRANTED, and the claims against it DISMISSED.

**SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of March, 2017.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge
